UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DALE M. WRIGHT,           )
                          )
        Petitioner,       )
                          )
    v.                    )    No. 4:17 CV 837 DDN
                          )
DEAN MINOR,               )
                          )
        Respondent.       )

# MEMORANDUM

This action is before the Court upon the petition of Dale M. Wright for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

# BACKGROUND

In 2014, petitioner was convicted of first-degree child molestation and attempted first-degree statutory sodomy. (Doc 11., Ex. 5 at 3.) Petitioner appealed from the judgment to the Missouri Court of Appeals, claiming that the trial court plainly erred in admitting the testimony of Connilee Christie and Krystal Hensley pertaining to statements made by the child victim, K.M., about the incident and in admitting Exhibits 1 and 1A. *Id.* After the alleged incident, K.M. talked with Hensley on the phone and was forensically interviewed by Christie at the Children's Advocacy Center of St. Louis. At trial, Hensley and Connilee testified, and a DVD and transcript of Christie's interview were admitted as Exhibits 1 and 1A. Defense counsel said he reviewed Exhibit 1 and had no objection, and, later on, had no objection to the admission of Exhibit 1A. (Doc. 11, Ex. 1 at 262-63.)

The Missouri Court of Appeals denied petitioner's direct appeal on April 21, 2015, where plaintiff had claimed the trial court erred in admitting the hearsay testimony of victim K.M. in testimony and exhibits.

Petitioner then filed a motion for post-conviction relief which was denied without an evidentiary hearing on November 9, 2015. (Doc. 11, Ex. 6 at 56.) Petitioner appealed the denial

of post-conviction relief, arguing the motion court erred in denying his motion without an evidentiary hearing because he alleged unrefuted facts that he had ineffective assistance of counsel for failing to object when the prosecution called Wright a child molester during closing arguments. The Missouri Court of Appeals affirmed the denial on November 1, 2016. (Doc. 11, Ex. 9 at 1.) The court held that because a prosecutor may make arguments based on the facts presented in evidence at trial, the statement was not in error, and an objection to it would have been without merit. Counsel was not held to be ineffective for failing to make non-meritorious objections. Thus an evidentiary hearing was not required because the record showed Wright was not entitled to relief. Thereafter, petitioner filed the current petition for writ of habeas corpus.

## PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner alleges two grounds for relief in this habeas action:

(1) Hearsay statements by the child victim were improperly admitted through the testimony of Krystal Hensley and Connilee Christie and Exhibits 1 and 1A under Missouri statute section 491.075, thus violating petitioner's Fourteenth Amendment rights to due process of law and a fair trial. (Doc. 1, Ex. 3 at 1.)

(2) Petitioner had constitutionally ineffective assistance of counsel because a reasonably competent attorney under similar circumstances would have objected when the prosecution called appellant a child molester during closing arguments and such objection would have produced a different outcome at trial, thus violating appellant's Fifth, Sixth and Fourteenth Amendment rights to effective assistance of counsel, due process of law, a fair trial, and access to courts. (Doc. 1, Ex. 3 at 3.)

## EXHAUSTION AND PROCEDURAL BAR

A petitioner must file his petition for writ of habeas corpus within the statutory limitations period, and this habeas petition was timely filed.[1]

---

[1] Congress provides a one-year window, calculated from the conclusion of direct state review, in which a habeas applicant may file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). If an inmate does not seek a writ of certiorari on direct review, direct review concludes when the time limit for seeking further review expires. *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Under Missouri Supreme Court Rules 30.01 and 81.04, the time limit for filing a notice

Additionally, petitioners must exhaust their state law remedies before they may bring a petition under 28 U.S.C. §2254. A prisoner has not exhausted state law remedies if he "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c). An appeal to an intermediary state appellate court exhausts state remedies in Missouri, permitting federal habeas review. *See* Mo. Sup. Ct. R. 83.04; *Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir. 2002) ("Rule 83.04 ... makes clear that Missouri does not consider a petitioner who bypasses its supreme court in favor of federal habeas review to have denied the State its rightful opportunity to resolve federal constitutional claims."). Petitioner has exhausted his claim on Ground 2, through his motion for post-conviction relief, but has only partially exhausted his claims in Ground 1.

In Ground 1, petitioner claims that the court improperly admitted hearsay statements of victim K.M. in two witnesses' testimony and in two exhibits. Trial counsel objected to the hearsay in the testimony but not in the exhibits. Petitioner raised these claims on direct appeal and, while the Missouri Court of Appeals addressed the hearsay in testimony on the merits, it did not address the hearsay in the exhibits on the merits. Rather, the court found that claim to be waived, because petitioner's trial counsel had not objected to its introduction: if "a party affirmatively states that it has no objection to evidence that the opposing party is trying to introduce, or does not object for reasons of trial strategy, plain error review does not apply; it is waived" (Doc. 11, Ex 5.)

When "the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar," such as waiver of a claim under state law, federal

---

of appeal expired ten days after sentencing. The trial court sentenced petitioner on March 7, 2014, so direct review concluded on March 14, 2014, at which time the one-year clock began to run.

A pending state post-conviction action or other state collateral review will toll the one-year statute of limitation. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Eighty-four days passed until petitioner filed his appeal on June 5, 2014, tolling the statute of limitation until April 21, 2015 when the appeal decision was filed. Although petitioner filed his appeal on June 5, 2014, after the March 14, 2014 deadline, the court did not address the timing in its opinion. Between the appeal decision and his application for post-conviction relief, sixty-three more days passed. After the post-conviction relief decision was filed on November 1, 2016, 122 days passed until petitioner filed the present petition for writ of habeas corpus on March 2, 2017, bringing his total number of days passed to 269. He thus timely filed this petition within the one-year limitations period.

habeas review of the claim is barred by procedural default. *Harris v. Reed*, 489 U.S. 255, 263-66 (1989). The prisoner "forfeit[ed] his right to present his federal claim . . . unless he can meet strict cause and prejudice or actual innocence standards." *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007). To establish cause for a procedural default, petitioner must "show that some objective factor external to the defense impeded" his "efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). To establish actual prejudice, petitioner "must show that the errors of which he complains worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999). As discussed below, petitioner has not demonstrated actual prejudice arising from the default or that this court's failure to consider these grounds would result in a miscarriage of justice. Accordingly, petitioner's Grounds 1 claim that the court improperly admitted exhibits containing hearsay statements is procedurally barred.

Nevertheless, if this court concludes that the procedurally barred grounds are without merit, Congress has authorized it to consider them and to dismiss them. 28 U.S.C. § 2254(b)(2). The undersigned has considered all of petitioner's federal grounds and concludes that they are without merit.

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief can only be granted by a federal court on a claim that has been decided on the merits by a state when that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Thaler v. Haynes*,

4

130 S. Ct. 1171, 1174 (2010). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] [c]ourt's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Thaler*, 130 S. Ct. at 1174. This standard is difficult to meet, because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). Determination of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

For petitioner's claim in Ground 1 that was not adjudicated on the merits by a state court, the pre-AEDPA standard for habeas review governs. *Gingras v. Weber*, 543 F.3d 1001, 1003 (8th Cir. 2008) ("Because [petitioner's] apparently unexhausted claim was not adjudicated on the merits, we likely should apply the pre-AEDPA standard of review, rather than the deferential standard of 28 U.S.C. § 2254(d)."). Under the pre-AEDPA standard, the habeas petitioner must show a "reasonable probability that the error complained of affected the outcome of the trial, or that the verdict likely would have been different absent the now-challenged [defect]." *Robinson v. Crist*, 278 F.3d 862, 865-66 (8th Cir. 2002).

## DISCUSSION

### Ground 1

In Ground 1, petitioner alleges that the trial court violated his rights to due process and a fair trial in (1) admitting hearsay statements during the testimony of two witnesses and (2) admitting two exhibits that contained hearsay statements.

A. <u>Admission of Hearsay Statements in Testimony</u>

Petitioner first alleges that hearsay statements by the child victim, K.M., were improperly admitted through the testimony of Hensley and Christie under Missouri statute section 491.075, thus violating petitioner's Fourteenth Amendment rights to due process of law and a fair trial. (Doc. 1, Ex. 3 at 1.) The Missouri Court of Appeals found that while petitioner had not preserved the claim of error, because he did not object during the admission of evidence, plain error review

was potentially available for the admission of Christie's and Hensley's testimonies. Under plain error review, there must be facially "substantial grounds to believe that a manifest injustice or miscarriage of justice has occurred," and second, the court must "determine if a manifest . . . miscarriage of justice actually occurred" by the error having a decisive effect on the outcome. *Id.* The court found that no matter the outcome of the first prong of the test, Wright was not prejudiced because K.M. herself testified as to the events and was subject to cross examination. The absence of prejudice meant there was no manifest miscarriage of justice. *Id.*

First, as to petitioner's argument that the trial court admitted evidence inadmissible under Missouri law, review of a trial court's compliance with state law is not generally a proper issue for federal habeas review. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" as the federal court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citing 28 U.S.C. § 2241). This Court can only reverse a state court evidentiary ruling "if the petitioner shows that the alleged improprieties were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair." *Anderson v. Goecke*, 44 F.3d 675, 679 (8th Cir. 1995). To meet this burden of proof, petitioner must prove that the verdict would have likely differed without the allegedly improper evidence.

There is no indication that the entire trial was fundamentally unfair. The state hearsay exception allows the statements to be presented at trial if the "time, content and circumstances of the statement provide sufficient indicia of reliability" at the time the statement was made. MO. REV. STAT. § 491.075 (2012). To determine whether such indicia were present, the trial court held a hearing. Petitioner's counsel did not object at trial. Furthermore, K.M. herself testified. This opened her up to cross examination, thus alleviating Confrontation Clause concerns. Even if Hensley and Christie's testimony was hearsay, "[p]rejudice will not be found from the admission of hearsay testimony where the declarant was also a witness at trial, testified on the same matter, and was subject to cross-examination." *State v. Cook*, 386 S.W.3d 842, 847–48 (Mo. Ct. App. 2012) (quoting *State v. Hamilton*, 892 S.W.2d 371, 378 (Mo. App. E.D.1995)). Petitioner fails to prove his entire trial was fundamentally unfair.

Second, as to any claim that the admissibility of this evidence was unconstitutional, the admission of hearsay statements by child victims does not generally present a constitutional violation, and it does not do so in this case. Missouri's statute allowing for the admission of

hearsay statements made by victims of child abuse, Section 491.075, has repeatedly been found to be constitutional. *See State v. Biggs*, 333 S.W.3d 472 (Mo. 2011). Additionally, the United States Supreme Court has held that "statements by very young children will rarely, if ever, implicate the Confrontation Clause," which protects the rights of the accused to confront the testimony of witnesses against them. *Ohio v. Clark*, 135 S. Ct. 2173, 2182, (2015). As the Missouri Court of Appeals noted, K.M. testified at trial and was subject to cross-examination. The Supreme Court has held that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Crawford v. Washington, 541 U.S. 36, 59 n. 9 (2004).

Accordingly, this court cannot conclude that the trial court erred in admitting K.M.'s hearsay statements in witness testimony.

B.  Admission of Hearsay Statements in Exhibits

Similarly, plaintiff argues that recordings of the hearsay statements admitted as Exhibits 1 and 1A were invalid under Missouri law and unconstitutional. The Missouri Court of Appeals found that petitioner had not preserved the claim of error, because he did not object during the admission of evidence. Additionally, plain error review was not considered because there was no manifest injustice or miscarriage of justice resulting therefrom. Mo. Sup. Ct. R. 30.20. Pertaining to the admission of Exhibits 1 and 1A, the court stated: "When a party affirmatively states that it has no objection to evidence that the opposing party is trying to introduce, or does not object for reasons of trial strategy, plain error review does not apply; it is waived." (Doc. 11, Ex. 5. at 4) (citing *State v. Johnson,* 284 S.W.3d 561, 582 (Mo. 2009)).

Under the pre-AEDPA standard, the habeas petitioner must show a "reasonable probability that the error complained of affected the outcome of the trial, or that the verdict likely would have been different absent the now-challenged [defect]." *Robinson v. Crist*, 278 F.3d 862, 865-66 (8th Cir. 2002). Because K.M. testified at trial consistent with her out-of-court hearsay statements, it is not probable that the admission of the hearsay affected the outcome of the trial, as even if it were absent, the jury would have heard the same evidence from K.M.'s testimony. For the reasons mentioned above, the trial court did not err in admitting the testimony under state law and petitioner's trial was fair on these points.

This Court's review of the state court evidentiary decisions does not reveal any violations of federal law. Ground 1 is without merit in its entirety.

## **Ground 2**

Petitioner alleges in Ground 2 that his trial counsel rendered constitutionally ineffective assistance by failing to object when the prosecution called him a child molester in closing arguments. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court determined that the right to effective assistance of counsel arises from the Sixth and Fourteenth Amendments. The right to counsel is "the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). Under *Strickland*, a petitioner is entitled to federal habeas corpus relief upon a showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

In order to prevail on a Sixth Amendment claim, a petitioner must prove that (1) counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The performance and prejudice prongs of *Strickland* may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id*. at 697.

Ground 2 is without merit for lack of prejudice. Even if counsel had objected to the prosecution's statement, such objection would have been meritless. The prosecution may "argue the evidence, the reasonable inferences from the evidence, and the credibility of the witnesses." *Glass v. State*, 227 S.W.3d 463, 474 (Mo. banc 2007). In *State v. Perry*, the defendant was charged with child molestation. 275 S.W.3d 237, 246 (Mo. 2009). In the closing argument, after presenting evidence that supported the charge, counsel for the prosecution said, "This was a touch done by a child molester." *Id.* In that case, there was no error, plain or otherwise, in making that argument. The prosecutor is allowed to make arguments based on facts in evidence." *Id.; See also United States v. Eagle*, 515 F.3d 794, 805 (8th Cir. 2008) ("A prosecutor must limit the closing argument

to the evidence and the reasonable inferences that may be drawn from it."). Under Missouri law, the prosecutor could make such a statement, and it is not considered error. Likewise, in this case the prosecutor's statement was based on facts then in evidence, and thus permissible. *Id.* An objection would have been without merit. Counsel cannot be held to be ineffective for refraining from making a meritless objection. *Dyer v. United States*, 23 F.3d 1424, 1426; *Kohlheim v. State*, 482 S.W.3d 851, 858 (Mo. App. E.D. 2016) ("[C]ounsel will not be deemed ineffective for failing to make non-meritorious objections to the State's closing argument."). There is therefore no prejudice, no ineffective assistance of counsel, and nothing contrary to the United States Constitution. Ground 2 is also without merit.

## CONCLUSION

For the reasons set forth above, the petition of Dale M. Wright for a writ of habeas corpus is denied. An appropriate Judgment Order is issued herewith.

Petitioner made no substantial showing that he was deprived of a constitutional right. Therefore, a certificate of appealability under 28 U.S.C. § 2253(c) is denied.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 16, 2020.